IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GAVIN PHILLIP CORDOVA, | § | |
| (TDCJ No. 02347177) | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-1198-O |
| | § | |
| KESLEY JOSE CUENDIZ, et al., | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
RESOLVING MOTION TO DISMISS**

This case is before the Court for review of pro-se inmate/Plaintiff Gavin Phillip Cordova's ("Cordova") claims against LaSalle Detention officers Kesley Jose Cuendiz ("Cuendiz"), Michael Norris ("Norris"), and Robert Buker ("Buker"). These three defendants have appeared and filed a motion to dismiss with incorporated brief seeking dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) and, alternatively, under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. to Dism. 1-22, ECF No. 17. Cordova has not filed any response to the motion to dismiss. After review and consideration of the Defendants' motion to dismiss and brief, and the applicable law, the Court concludes that the motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) must be **DENIED**, but the alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be **GRANTED**.[1]

---

[1] Corodva listed two other unnamed officers as defendants in his pleadings, and the Court allowed him to obtain service of process upon them. Ord. Re: Completion and Service of Summons, ECF No. 9. Because Cordova failed to provide completed summonses and Forms 285 for service upon these two defendants, Cordova's claims against them will be dismissed this same day by separate order.

**I.      BACKGROUND and PROCEDURAL HISTORY**

Cordova initiated this suit by filing a handwritten complaint. Compl. 1, ECF No. 1. Cordova also sought, and was granted, the right to proceed under the *in forma pauperis* statute. ECF No. 5. In response to this Court's order, Cordova filed a more definite statement ("MDS") to include his answers to the Court's specific questions about his claims. MDS 1-7, ECF No. 7. In the more definite statement, Cordova listed claims against Cuendiz, Norris, Buker, and the two unknown officers as employed by LaSalle Detention, but interacting with him in the "Book-In Section of the Tarrant County Jail." MDS 2, ECF No. 7. Cordova claimed that on December 21, 2019, these three officers employed excessive force against him after placing him in a restraint chair allegedly "for a disturbance that officers said I was creating." *Id.* Cordova seeks both compensatory and punitive damages in his complaint and more definite statement. *Id.* at 7; Compl. 9, ECF No. 9.

After review of Plaintiff's claims, the Court issued an Order Regarding Completion and Service of Summons, authorizing service of his pleadings on "Defendants LaSalle Detention Officers (Cuendiz, Norris, and Buker) and two unknown LaSalle Detention officers by a United States marshal or deputy United States marshal." Order 1, ECF No. 9. Cordova completed United States Marshal (USM) Forms 285 for Cuendiz, Norris, and Buker to include information in the special instructions as to each of these defendants working in an "official capacity" for LaSalle Corporation but also listing an address for the City of Fort Worth Jail Booking Intake. The Clerk of Court issued the accompanying summons forms on June 29, 2021. ECF No. 10. On July 9, 2021, a deputy marshal filed returns of service for Cuendiz, Norris, and Buker, noting that summonses were served on July 8, 2021 on "Ronald Gonzalez who is designated by law to accept service of process on behalf of Fort Worth PD." Returns of Service 2, 4, and 6, ECF No. 11. After the Court

granted several extensions, Cuendiz, Norris, and Buker, through counsel, filed the instant motion to dismiss with brief in support. Defs.' Mot. to Dism. 1-22, ECF No. 17.

## II.   ANALYSIS

### A.   Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); Fed. R. Civ. P. 4 (service of process rule). Defendants contend that the Court should dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). Rule 12(b)(2) provides for dismissal of an action where there is a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the method by which it is served. Fed. R. Civ. P. 12(b)(4); *see also Tinsley v. Comm'r of I.R.S.*, No. 3:96-cv-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998). A motion filed pursuant to Rule 12(b)(5) seeks dismissal of the action based on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). Defendants point out that the record reveals that they were not served with process in person, at their homes, or in any other manner authorized by the Federal Rules. Defs.' Mot. to Dism. 8-14, ECF No. 17. The recited shortcomings in service, however, do not warrant dismissal of Cordova's claims against defendants Cuendiz, Norris, and Buker.

### B.   Federal Rule of Civil Procedure 4(c)(3)

By virtue of Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d), a party proceeding *in forma pauperis*, as is the case here, is entitled to rely on the United States Marshal

and officers of the Court for service of the summons and complaint. If the necessary information has been provided, the plaintiff will not be penalized with dismissal of the case when service fails because the Marshal or Clerk's office does not perform the duties specified by the rule and statute. *See Counce v. Wolting*, No. 13-3199-JTM, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) and *Puett v. Blandford*, 912 F.2d 270, 273-75 (9th Cir. 1990), *abrogated on other grounds*, *Sandin v. Connor*, 515 U.S. 472 (1995)). In this regard, one court has explained, "[g]iven that Connolly is a *pro se* plaintiff proceeding *in forma pauperis*, he will not be held responsible for the mistakes of the United States Marshal who [e]ffected improper service of process because those technical errors were harmless." *Connolly v. Shaw's Supermarkets*, 355 F. Supp. 3d 9, 16-17 (D. Mass. 2018) (citing *Rochon v. Dawson*, 828 F.2d at 1107, 1110 (5th Cir. 1987) (holding a "plaintiff proceeding in forma pauperis is entitled to rely upon service by the United States Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant") and *Richardson* v. *Downing*, 209 F.R.D. 283, 284 (D. Mass. 2002)).

In such instances, courts recognize that the Plaintiff's claims should not be subject to dismissal, but instead that measures be taken to either re-issue summons and re-authorize service by the officers of the Court, or ask the defendant to waive the insufficient service issues and agree to waiver of service of summons under Federal Rule of Civil Procedure 4(d). *See Kaminsky v. Wake Forest Univ. Baptist Med. Center*, No. 1:08-cv-882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) ("[T]he court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis*. Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all

Defendants properly before the Court in accordance with Rule 4(c)(3)"); *see also Counce*, 2017 WL 661583, at *3 (noting that if Plaintiff has provided the necessary information, and the failure was due to the Marshal's inadequate service, such arguments "present, at most, an opportunity to correct a mistake for which the plaintiff is not accountable.")

    **C.**    **Application of Law to Facts of this Case**

As noted, the Court, in an order expressly citing 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), authorized service on defendants Cuendiz, Norris, and Buker through the assistance of a United States Marshal or deputy United States Marshal. ECF No. 9. Cordova provided the Court with completed summonses and completed Forms 285 on June 28, 2021. ECF No. 12. Cordova included a Fort Worth address for each of these three defendants, but also included additional address information for the City of Fort Worth "Jail booking intake," and for "LaSalle Corporation." USM 285 forms 1, 3, 5, ECF No. 11. The deputy U.S. Marshal filed the return of service on July 9, 2021. *Id.* at 2, 4, 6. These returns, however, show that the summonses were delivered to an individual named Ronald Gonzalez at the Fort Worth Police Department. *Id*. The returns also state that Ronald Gonzalez was designated by law to accept service of process on behalf of the Fort Worth Police Department. *Id*. The returns, however, do not actually show that service was delivered personally to any of the three defendants.

Because the inadequate service was not due wholly to any failure of the information provided by plaintiff Cordova, the Court is presented with similar facts to the cases cited above. Under these circumstances, rather than dismiss Cordova's claims against these defendants for lack of personal jurisdiction, insufficient process, or insufficient service of process, the Court finds that the motion to dismiss on these grounds must be denied. Although the Court could now take alternative measures to address the insufficient service of process upon these defendants, including

directing Defendants' counsel to provide each Defendant's residential address, or requesting that Defendants waive service of summons, because the Defendants have alternatively argued for dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court will consider and address that alternative motion for dismissal.

### D. Motion to Dismiss under Federal Rule of Federal Procedure 12(b)(6) for Failure to States Claims Upon Which Relief may be Granted.

#### 1. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Federal

Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). In *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the pleadings are subject to dismissal.

   2. <u>Analysis</u>

As noted above, plaintiff Cordova has not filed any response to Defendants' motion to dismiss, including providing no response to the grounds for dismissal under Rule 12(b)(6). For the reasons stated in the motion to dismiss at pages 16 through 20, the Court finds that defendants

Cuendiz, Norris, and Buker are entitled to dismissal of all Cordova's claims. In particular, the Court finds that Defendants have shown that Cordova failed to state a claim under the Eighth Amendment, failed to state sufficient claims for liability against Defendants in their official capacities, failed to state sufficient claims that Defendants employed excessive force, failed to state sufficient claims of bystander liability, and failed to allege that Plaintiff, a prisoner, sustained a physical injury in order to be entitled to compensatory monetary damages under 42 U.S.C. § 1997e(e).[2] Defs.' Mot. to Dism. 14-20, ECF No. 17. For all of these reasons, the Court finds that Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted, and all Plaintiff's claims against them dismissed with prejudice.

Defendants also contend that their arguments for dismissal under Rule 12(b)(6) accrue to the benefit of the two unserved defendants. *Id.* at 20-21, ECF No. 17. Because the Court has separately dismissed Cordova's claims against the unserved defendants for failure to timely provide completed summonses and 285 Forms, the Court does not reach these grounds for dismissal as to those two unserved defendants.

---

[2] The § 1997e(e) requirement that a prisoner must sustain a physical injury to obtain monetary damages does not preclude claims for nominal or punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). In this case, Cordova also recites a claim for punitive damages in both his complaint and more definite statement. Compl. 9, ECF No. 1; MDS 5, ECF No. 7. Because the Court has otherwise found that Cordova has failed to state plausible claims against the Defendants in this suit, his claim for punitive monetary damages must also be dismissed for failing to state a claim upon which relief may be granted. *See Oby v. Sander*, 778 F. App'x 326, 327 (5th Cir. 2019) (noting that even if district court's conclusion that defendant officer used excessive force "equates to a threshold finding of evil intent or callous indifference . . . the court did not abuse its discretion by ultimately concluding that punitive damages were unwarranted in this case."); *see generally Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) ("Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil malice or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'") (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

## III.  ORDER

It is therefore **ORDERED** that Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) is **DENIED**.

It is further **ORDERED** that Defendants' alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**, such that all Plaintiff's claims against Kesley Jose Cuendiz, Michael Norris, and Robert Buker, in both their individual and official capacities, are **DISMISSED** with prejudice.

**SO ORDERED** on this **16th day** of **November, 2021**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**